UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                              CASE NO. 8:11-CR-404-17AEP

KHALDOUN KHALIL KHAWAJA
_____/

This cause comes on for consideration of Defendant's Motion in Limine to Limit 404(b) Evidence at Trial and Supporting Memorandum of Law (D-20), and the Government's response in opposition thereto (D-23). Counsel has generally described the context as follows:

Defendant is charged in a single-count Indictment with being a felon in possession of firearms and ammunition. The charge arose out of an undercover operation by law enforcement conducted at Main Street Groceries a/k/a Tony's Groceries, which the Government asserts is owned and operated by Defendant. On May 5, 2011, an undercover officer, who was accompanying a confidential informant, made audio and video recordings of conversations held with Defendant while he was negotiating the cashing of allegedly fraudulent U.S. Treasury checks in the back office of the store. The video recording shows a shotgun within arms' reach of Defendant in the background of the office. As a result of the investigation, law enforcement executed a search warrant on the premises on May 20, 2011. During the execution of the warrant, law enforcement recovered two firearms and various ammunition from store. One J.

Stevens Arms & Tools Co. 12 gauge single shotgun, which was purportedly the firearm seen on the May 5, 2011 video, was found in the back office. The second firearm, a Glock, Model 26, 9mm caliber pistol, was found on a shelf underneath the cash register. The ammunition was found in a desk drawer of the office.

Defendant seeks to prevent the Government from offering evidence that Defendant was under investigation for cashing fraudulent U.S. Treasury checks and laundering the proceeds. He contends that the investigation which led to the execution of the search warrant is inadmissible Rule 404(b) evidence that is highly prejudicial and not probative of the issue of Defendant's possession of the firearms and ammunition. Defendant, in essence, argues that the evidence is merely that of "bad character and nothing more."

The Government responds that the evidence relating to law enforcement's investigation of Defendant for identity theft and tax fraud is admissible intrinsic evidence and therefore not subject to the Rule 404(b) analysis. The Government argues had Defendant not been under investigation, law enforcement would not have found the firearms and ammunition. The Government continues that it will be difficult, "if not impossible," to tell the story of the offense charged without introducing evidence regarding the purpose of the undercover operation on May 5, 2011 and the resulting execution of the search warrant on May 20, 2011. The Government further argues

that the investigation and execution of the search warrant are part of the chain of events that explain the context, motive and set-up of the charged offense and are linked in time and circumstances of the offense charged in the Indictment. Finally, the Government asserts that the evidence relating to the investigation of Defendant for identity theft and tax fraud is probative of his possession of the firearms and ammunition and is not overly prejudicial.

Evidence of bad acts that is intrinsic to the charged offense is not governed by Rule 404(b). Evidence is intrinsic if the evidence relates to "(1) uncharged offense which arose out of the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. Ellisor, 522 F.3d 1255, 1269 (11th Cir. 2008) (citations omitted). Additionally, "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context ... is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime to complete the story of the crime for the jury." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998) (citations omitted).

The Court finds that the reason for the May 5, 2011 undercover operation and the resulting May 20, 2011 search warrant constitutes

intrinsic evidence. Specifically, the events of the May 5, 2011 undercover operation investigation and the May 20, 2011 execution of the search warrant are inextricably intertwined and linked in both time and circumstance to the offense charged. Specifically, the shotgun was leaning against a wall in Defendant's office when the undercover officer and the confidential informant visited the back office of the store. Furthermore, when law enforcement executed the search warrant on May 20, 2011, it recovered the shotgun as well as a second firearm and ammunition. Thus, this intrinsic evidence is not subject to Rule 404(b). See United States v. Smith, 322 Fed. Appx. 876, 879 (11th Cir. 2009) (the court did not abuse its discretion in admitting evidence of the defendant's DUI arrest when the guns forming the basis for the felon in possession charge were found in the vehicle during the DUI arrest), cert. denied, 130 S.Ct. 1049 (2010); United States v. Wright, 392 F.3d 1269 (11th Cir.2004) (evidence of the defendant's resistance to arrest and battery on a law enforcement officer was "inextricably intertwined" with the charge of possession of a firearm by a convicted felon where the discovery of a firearm was made during a resulting inventory search of defendant's vehicle).[1]

Even though the evidence is not subject to the parameters of Rule 404(b), it must meet the requirements of Rule 403. Under Rule

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

403, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." United States v. Lopez, 649 F.3d 1222, 1247 (11th Cir. 2011). A limiting instruction by the court will reduce the risk of undue prejudice. United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

The Court finds that the evidence satisfies the requirements of Rule 403. The evidence is not overly prejudicial and any prejudice is outweighed by its probative value. The evidence will provide context to the jury as to why law enforcement was present in Defendant's office on May 5, 2011 and the reason it executed a search warrant on May 20, 2011. The evidence may further relate to Defendant's motive for possessing the firearms and ammunition.

Notably, the Government states it intends to limit the amount of evidence related to its investigation of Defendant for identity theft and tax fraud. It will not elicit any evidence of the investigation prior to May 5, 2011. Furthermore, the Government plans to introduce only the portion of a recorded interview with Defendant that relates to the firearms and ammunition.

IT IS therefore ORDERED that:

(1) Defendant's Motion in Limine to Limit 404(b) Evidence at Trial and Supporting Memorandum of Law (D-20) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of January, 2012.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE